IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DESHAWN FISHER**, *et al.*, | * |
|     **Plaintiffs,** | * |
| v. | *      Civ. No. JKB-24-01135 |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,** | * |
|     **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's "Motion to File under Seal Plaintiff's Memorandum in Support of Motion for Summary Judgment and Supporting Confidential Exhibits" (the "Motion to Seal"). (ECF No. 66.)

Because the Motion to Seal seeks to seal the entirety of Plaintiffs' Summary Judgment Motion, it will be denied without prejudice. The Court has an independent responsibility to safeguard the public's right of access to the judicial system, and accordingly must carefully scrutinize motions to seal even when no party objects. *In re Grace Ocean Priv. Ltd.*, 758 F. Supp. 3d 420, 422 (D. Md. 2024) (collecting cases). A motion to seal a document connected with a summary-judgment motion is governed by the First Amendment, under which "the Court may seal documents only 'if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest.'" *G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, Civ. No. JKB-22-2636, 2023 WL 5512226, at *1 (D. Md. Aug. 25, 2023) (quoting *Gonzalez v. Cucinelli*, 985 F.3d 357, 376 (4th Cir. 2021)).

Under this standard, it is rarely appropriate to completely seal all documents connected with a summary-judgment motion, because in all but the most unusual circumstances a party's

interest in confidentiality can be adequately protected simply by redacting certain portions of documents. *See Grace Ocean*, 758 F. Supp. 3d at 422 (rejecting a proposed protective order "that would allow for the wholesale sealing of documents and would not adequately protect the public's interest in access to th[e] case"). Sealing is particularly disfavored when—as here—the matter to be sealed contains legal argument. *See United States v. Russell*, 762 F. Supp. 3d 441, 442 (D. Md. 2025). For this reason, "[i]f a party wishes to seek redactions of a document or documents that will be filed with the court, the party shall 1) file, under seal, a complete, unredacted version of the document or documents to be redacted, 2) file a motion to seal the document or documents, and 3) file a redacted version of the document or documents that may be made publicly viewable on the docket." *G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, Civ. No. JKB-22-2636, 2023 WL 6130672, at *3 (D. Md. Sept. 19, 2023).

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Seal (ECF No. 66) is DENIED WITHOUT PREJUDICE.
2. On or before Monday, July 21, 2025, Plaintiff SHALL FILE a renewed motion to seal, together with (1) an unsealed version of the documents at issue, with narrowly tailored redactions applied consistent with the First Amendment, and (2) sealed, unredacted version of those documents.
3. ECF No. 66 SHALL REMAIN SEALED until the Court orders otherwise.

DATED this __10__ day of July, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

2